SHERYL W. LEICHENGER (SBN 161688)
sleichenger@selmanlaw.com
ELISABETH M. D'AGOSTINO (SBN 251179)
edagostino@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Plaintiff
EVEREST NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCHX, LLC, a Wyoming Corporation, MARIA ACOSTA, AMBAR BARRAGAN, GERMAN CASTANEDA, MARTIN CASTILLO, SARA CONTRERAS, REYNA DAMASO, MARIA DOMINGUEZ, SARA ESPINOZA, FRANCISCA FLORES, AZUCENA GARCIA, IMELDA GARCIA, MARIA GARCIA, LOURDES GONZALEZ, MARIA HIGAREDA, SERGIO HUICHAN, DOMINGO LAU, FRANCISCO MARTINEZ, ANTONIO MCLUCAS, JOHN MORA, ALFREDO MUNOZ, CLEO PAGE, ENRIQUE RIOS, FRANCISCA ROJAS, JOHN SANTILLAN, NANCY SOLIS, CRISTINA VALDOVINOS, FRANCISCA VEGA, FRANCISCA VELASQUEZ, and FANNY VELAZQUEZ,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR<br>(1) RESCISSION<br>(2) REIMBURSEMENT<br>(3) UNJUST ENRICHMENT<br>(4) DECLARATORY RELIEF |

1

Case No.: _____

794807.1 1062.44036

Plaintiff Everest National Insurance Company ("Everest"), by and through its undersigned attorney, alleges as follows:

1. Based on material misrepresentations made by and/or on behalf of SCHX LLC ("SCHX") in its applications for insurance and its provision of fraudulent materials in support of its application, Everest can and does seek the rescission of a Workers Compensation and Employers Liability Insurance Policy issued to SCHX, as more fully explained below.

2. Everest issued a Workers Compensation and Employers Liability Insurance Policy, Policy No. 8600000703171 to SCHX for the policy period of January 1, 2017 to January 1, 2018 ("Everest Policy"). The Everest Policy was ultimately cancelled by Everest effective July 24, 2017 due to Defendant SCHX's material misrepresentations.

## PARTIES

3. At all relevant times mentioned herein, plaintiff Everest was and is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Liberty Corner, New Jersey.

4. At all relevant times mentioned herein, Defendant SCHX was and is a limited liability corporation organized and existing under the laws of the State of Wyoming, with its principle place of business in Los Angeles County, California.

5. Everest is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants Maria Acosta, Ambar Barragan, German Castaneda, Martin Castillo, Sara Contreras, Reyna Damaso, Maria Dominguez, Sara Espinoza, Francisca Flores, Azucena Garcia, Imelda Garcia, Maria Garcia, Lourdes Gonzalez, Maria Higareda, Sergio Huichan, Domingo Lau, Francisco Martinez, Antonio Mclucas, John Mora, Alfredo Munoz, Cleo Page, Enrique Rios, Francisca Rojas, John Santillan, Nancy Solis, Cristina Valdovinos, Francisca Vega, Francisca Velasquez, and Fanny Velazquez were and are citizens

and residents of the State of California and have asserted workers compensation claims under the Everest Policy ("Workers Compensation Claimants").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Everest is a citizen of Delaware and New Jersey. Defendant SCHX is a citizen of Wyoming and California. The Workers Compensation Claimants are citizens and residents of the State of California.

7. Defendant SCHX paid approximately $89,109.00 in premiums associated with the Everest Policy. Additionally, Everest has incurred additional, substantial expenses associated with the workers compensation claims submitted under the Everest Policy. Thus, the applicable amount in controversy is in excess of the sum of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Central District of California because Everest is informed and believes that Defendant SCHX has its principle place of business in Los Angeles County, California; the majority of the Workers Compensation Claimants live in Los Angeles County, California; Defendant SCHX and/or the Workers Compensation Claimants are subject to personal jurisdiction in this district; the insurance contract was delivered to Defendant SCHX in this district; and/or the acts giving rise to the claims for relief asserted herein arose in the Central District of California.

## FACTUAL BACKGROUND

**A.  Application for Insurance**

9. On or about December 19, 2016, Defendant SCHX, through its agent Midwest Insurance Agency ("Midwest"), submitted a Workers Compensation Application to All Risks Ltd., the Everest Policy's underwriter, for a workers'

3

Case No.: _____

1 compensation insurance policy ("WC Application"). The WC Application is
2 attached hereto as **Exhibit A**.

3     10. The WC Application represented that Defendant SCHX was a
4 "staffing company." Within the section entitled "Rating Information," Defendant
5 SCHX requested coverage for 15 employees performing work within six different
6 class codes.

7     11. As relevant here, Defendant SCHX responded by checking the "No"
8 box in response to the following questions on the WC Application:

    a. "ANY PRIOR COVERAGE DECLINED/CANCELLED/NON-RENEWED (Last 3 years?)"
    b. "IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS/SUBSIDIARY?"
    c. "DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS?"

15     12. On or about December 29, 2016, Defendant SCHX, through Midwest,
16 submitted a Commercial Insurance Application to All Risks Ltd. ("Application").
17 The Application is attached hereto as **Exhibit B**.

18     13. By way of the Application, Defendant SCHX represented that it had
19 20 employees and that the nature of its business was a "Staffing Company".

20     14. As relevant here, Defendant SCHX responded with an "N" in
21 response to the following questions on the Application:

    a. "ANY POLICY OR COVERAGE DECLINED, CANCELLED OR NON-RENEWED DURING THE PRIOR THREE (3) YEARS? (Not applicable in MO)"
    b. "DO ANY EMPLOYEES PERFORM WORK FOR OTHER BUSINESSES OR SUBSIDIARIES?"
    c. "DO YOU LEASE EMPLOYEES TO OR FROM OTHER

4

Case No.: _____

Selman Breitman LLP
ATTORNEYS AT LAW
794807.1 1062.44036

EMPLOYERS?"

15. On or about December 29, 2016, Defendant SCHX, through its agent Midwest, submitted to All Risks Ltd. responses to a Temporary WC Staffing Program – Supplemental Application ("Supplemental Application"). The Supplemental Application is attached hereto as **Exhibit C**.

16. The Supplemental Application included a table requesting the "Profile of the five customers with the highest number of employees you provide." In response, Defendant SCHX identified four customers, with the employees for all four totaling 14.

17. The Supplemental Application also included the following questions, to which Defendant SCHX responded by checking the "No" box:

    a. "Is the insured a PEO or part of a PEO (Professional Employer Organization)?"

    b. "Are day laborers provided to clients?"

    c. "Have there been any audit or premium disputes with any prior WC insurance carrier?"

18. In addition to the WC Application, Application, and the Supplemental Application, Defendant SCHX submitted four IRS Form 941 for 2016: Employer's QUARTERLY Federal Tax Return ("Form 941s") and certain documents purportedly from Patriot National, Inc., the company that was allegedly Defendant SCHX's prior workers compensation insurer ("Patriot Documents").

19. The Form 941s, which are attached hereto as **Exhibit D**, represented that "Number of employees who received wages, tips, or other compensation for the pay period" totaled as follows:

    a. For Quarter 1 (January, February, and March 2016): 17

    b. For Quarter 2 (April, May, and June 2016): 18

    c. For Quarter 3 (July, August, and September 2016): 20

Case No.: _____

        d. For Quarter 4 (October, November, and December 2016): 18

20. The Patriot Documents, which are attached hereto as **Exhibit E**, included the following documents:

        a. A Loss Experience Report by Insured by Policy Year by Policy, printed on June 29, 2016, representing $0.00 in Total Incurred with regard to Policy No. WCP500075402GIC, effective January 15, 2014 through January 15, 2017, purportedly issued to Defendant SCHX.

        b. A Final Audit Bill for Policy No. WCP500075402GIC, effective January 15, 2014 through January 15, 2015, purportedly issued to Defendant SCHX.

        c. A Final Audit Bill for Policy No. WCP500075402GIC, effective January 15, 2015 through January 15, 2016, purportedly issued to Defendant SCHX.

21. Based on the representations in the WC Application, Application, Supplemental Application, Form 941s, and Patriot Documents, Everest issued the Everest Policy to Defendant SCHX. A true and correct copy of the Everest Policy is attached hereto as **Exhibit F**.

**B.   Discovery of Fraud/Misrepresentation and Cancellation of the Everest Policy**

22. After the Everest Policy was issued, Defendant SCHX submitted an IRS Form 941 for 2017 to Everest, indicating that the "Number of employees who received wages, tips, or other compensation for the pay period" of January, February, and March 2017 totaled 31.

23. By way of a letter from the California Department of Insurance dated May 23, 2017, and referencing the Everest Policy, Everest was advised that "The California Department of Insurance (CDI), Fraud Division believes that your

company has claims in which workers' compensation insurance fraud is alleged to have occurred."

24. By way of a letter from the California Department of Insurance dated June 7, 2017, Everest was advised that the California Department of Insurance was investigating Defendant SCHX for, *inter alia*, "premium fraud".

25. By this time, over 20 notices of workers' compensation claims were submitted under the Everest Policy. Based on the claim documents submitted, it appeared that various temporary staffing agencies and/or companies were submitting claims under the Everest Policy.

26. Everest is informed and believes and thereon alleges that, even though Defendant SCHX applied for coverage as a temporary staffing agency, unbeknownst to Everest, Defendant SCHX was actually operating as a professional employer organization ("PEO"), charging other staffing agencies for Certificates of Insurance, and then presenting claims under the Everest Policy for the employees of the other staffing agencies as if they were Defendant SCHX's own employees.

27. Everest is informed and believes and thereon alleges that in total, over 200 workers compensation claims, including those of the Workers Compensation Claimants, were submitted under the Everest Policy, despite Defendant SCHX's prior representations that it had far fewer employees.

28. Everest is informed and believes and thereon alleges that the Patriot Documents provided were counterfeit and the insurance policy(ies) referenced was/were not issued to Defendant SCHX.

29. Ultimately, Everest cancelled the Everest Policy, effective July 24, 2017, due to Defendant SCHX's material misrepresentations. Nonetheless, Everest has incurred and continues to incur significant expenses associated with the workers compensation claims submitted under the Everest Policy.

///

Case No.: _____

# FIRST CAUSE OF ACTION

## (RESCISSION – AGAINST DEFENDANT SCHX AND THE WORKERS COMPENSATION CLAIMANTS)

30. Everest re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

31. Everest is entitled to a judicial determination that it is entitled to rescind the Everest Policy such that it is void *ab initio*, i.e, as if the policy never existed, and provides no coverage whatsoever to any person or entity.

32. Everest is informed and believes, and thereon alleges, that Defendant SCHX failed to accurately respond to one or more of the following questions:

   a. "Is there a labor interchange with any other business/subsidiary?"
   b. "Do you lease employees to or from other employers?"
   c. "ANY POLICY OR COVERAGE DECLINED, CANCELLED OR NON-RENEWED DURING THE PRIOR THREE (3) YEARS? (Not applicable in MO)"
   d. "DO ANY EMPLOYEES PERFORM WORK FOR OTHER BUSINESSES OR SUBSIDIARIES?"
   e. "Is the insured a PEO or part of a PEO (Professional Employer Organization)?"

Defendant SCHX provided a "no" response to all of the foregoing questions.

33. Everest is informed and believes, and thereon alleges, that Defendant SCHX falsely represented that it employed 20 or less employees during each quarter of 2016 and/or concealed the true nature of its operations.

34. Everest is informed and believes, and thereon alleges, that Defendant SCHX's falsely represented that its four customers with the highest number of Defendant SCHX employees totaled 14.

///

8

Case No.: _____

35. Everest is informed and believes, and thereon alleges, that Defendant SCHX or its agent manufactured, manipulated, and/or provided the counterfeit Patriot Documents to Everest.

36. Everest issued the Everest Policy in reliance upon the truth and accuracy of the WC Application, Application, Supplemental Application, Form 941s, and Patriot Documents. Had Defendant SCHX provided accurate information and disclosed that it was a PEO; employed more than 20 employees; and/or had another workers compensation policy in place, Everest would not have issued the Everest Policy, would not have issued that policy on the terms and conditions set forth therein, and/or would have charged a higher premium.

37. An actual controversy has arisen and now exists between Everest, Defendant SCHX, and the Workers Compensation Claimants in that Everest contends, and is informed and believes that Defendant SCHX and the Workers Compensation Claimants deny, that by virtue of the foregoing, the Everest Policy should be void *ab initio* and provides no coverage whatsoever to any person or entity and that Everest is entitled to rescind the Everest Policy.

38. Everest seeks a declaration that by virtue of material false or inaccurate representations in the WC Application, Application, Supplemental Application, Form 941s, and/or Patriot Documents, the Everest Policy is void *ab initio* and provides no coverage whatsoever to any person or entity and that Everest is entitled to rescind the Everest Policy. Everest further seeks an order that the Everest Policy is rescinded.

39. This Complaint constitutes notice of rescission of the Everest Policy by Everest. Everest hereby offers to restore all premiums paid by or for the benefit of Defendant SCHX with respect to the Everest Policy.

///

///

9

Case No.: _____

## SECOND CAUSE OF ACTION
### (REIMBURSEMENT – AGAINST DEFENDANT SCHX)

40. Everest re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

41. Everest issued the Everest Policy as a result of Defendant SCHX's concealment and/or material misrepresentations in its application for insurance. If Everest had known the true facts, it would not have issued the Everest Policy.

42. Rescission of a policy places each party into the position each party was in prior to the issuance of the insurance policy.

43. As the Everest Policy is subject to rescission, Everest never had an obligation to incur any expenses related to the workers compensation claims submitted under the Everest Policy inasmuch as the policy is considered void *ab initio*.

44. Under Civil Code section 1691, the parties must restore "everything of value" they received under the policy, i.e., the consideration or benefits made to each other. Therefore, Everest is entitled to reimbursement from Defendant SCHX for the entire amount Everest incurred in any expenses related to the workers compensation claims submitted under the Everest Policy, plus pre-judgment interest, and minus any premiums paid by Defendant SCHX to Everest.

## THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT – AGAINST DEFENDANT SCHX)

45. Everest re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

46. The Everest Policy is void *ab initio*.

47. Everest was never obligated to pay expenses related to the workers compensation claims submitted under the Everest Policy.

48. Defendant SCHX was unjustly enriched by Everest's handling of the

10

Case No.: _____

workers compensation claims submitted under the Everest Policy.

49. Defendant SCHX was unjustly enriched by Everest's handling of the workers compensation claims submitted under the Everest Policy.

50. Pursuant to Civil Code Section 1691, Everest is entitled to reimbursement for all expenses related to the workers compensation claims submitted under the Everest Policy, plus pre-judgment interest at the legal rate, and minus any premiums paid by Defendant SCHX to Everest.

## FOURTH CAUSE OF ACTION

## (DECLARATORY RELIEF – AGAINST DEFENDANT SCHX AND THE WORKERS COMPENSATION CLAIMANTS)

51. Everest re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

52. An actual controversy has arisen and now exists between Everest, Defendant SCHX, and the Workers Compensation Claimants regarding the Everest Policy, in that Everest contends, and is informed and believes that Defendant SCHX and the Workers Compensation Claimants deny, that by virtue of the foregoing, the Everest Policy should be void *ab initio*.

53. Accordingly, Everest seeks the following declarations:
   a. The Everest Policy is void *ab initio*;
   b. The Everest Policy provides no coverage whatsoever to any past, present, or future person, entity, and/or claimant;
   c. The Everest Policy does not provide coverage for the Workers Compensation Claimants;
   d. Everest is entitled to reimbursement from Defendant SCHX for all expenses related to the workers compensation claims submitted under the Everest Policy.

///

11

Case No.: _____

## **PRAYER FOR RELIEF**

WHEREFORE, Everest prays for relief for its First Cause of Action for Rescission as follows:

A. Judgment in favor of Everest, establishing that the Everest Policy is void *ab initio* and provides no coverage whatsoever to any person or entity;

B. For costs of suit herein incurred; and

C. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Everest prays for relief for its Second Cause of Action for Restitution as follows:

A. For general and special damages according to proof at the time of trial and as provided by law;

B. For full reimbursement of all expenses related to the workers compensation claims submitted under the Everest Policy;

C. For pre-judgment interest calculated from the date of each individual payment;

D. For post-judgment interest;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Everest prays for relief for its Third Cause of Action for Unjust Enrichment as follows:

A. For general and special damages according to proof at the time of trial as provided by law;

B. For full reimbursement of all expenses related to the workers compensation claims submitted under the Everest Policy;

///

12

Case No.: _____

C. For pre-judgment interest calculated from the date of each individual payment;

D. For post-judgment interest;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Everest prays for relief for its Fourth Cause of Action for Declaratory Relief as follows:

A. Judicial declarations that the Everest Policy is void ab initio; the Everest Policy provides no coverage whatsoever to any past, present, or future person, entity, and/or claimant; the Everest Policy does not provide coverage for the Workers Compensation Claimants; and Everest is entitled to reimbursement from Defendant SCHX for all expenses related to the workers compensation claims submitted under the Everest Policy.

B. For costs of suit herein incurred; and

C. For such other and further relief as the Court may deem just and proper.

Dated:  September 17, 2018                SELMAN BREITMAN LLP


By: */s/ Elisabeth M. D'Agostino*
SHERYL W. LEICHENGER
ELISABETH M. D'AGOSTINO
Attorneys for Plaintiff
EVEREST NATIONAL INSURANCE COMPANY

13

Case No.: _____

794807.1 1062.44036